IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LINDA CONE SELENSKY,    :

   Plaintiff,      :

vs.           :  **CIVIL ACTION 10-0041-WS-C**

JUDGE MATTHEW GREEN,   :

   Defendant.     :

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed a complaint and a motion to proceed without prepayment of fees pursuant to the Court's order.  Plaintiff's motion to proceed without prepayment of fees has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).  Local Rule 72.2(c)(1) provides for the automatic referral of a non-dispositive pretrial matter, such as plaintiff's motion to proceed without prepayment of fees, to a Magistrate Judge.  The consideration of this motion requires the Magistrate Judge to screen plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner actions).[1]  After screening the complaint, it is

---

[1]Section 1915(e)(2)(B) provides:

(2)  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --

recommended that plaintiff's action be dismissed without prejudice for lack of subject matter jurisdiction.

**I.  Nature of Proceedings.**

Plaintiff commenced this action by filing a "motion to file restraining order" (Doc. 1), which was treated as a motion for temporary restraining order and was denied.  (Doc. 2).  When this document was filed no filing fee was paid, no motion to proceed without prepayment of fees was filed, and no complaint was filed.  Noting these deficiencies, among others, the Court ordered plaintiff to cure the noted defects.  (Id.).  Plaintiff complied with the portion of the order requiring a complaint and a motion to proceed without prepayment of fees be filed.  (Docs. 3, 4).  But she did not comply with the portion of the order requiring that she identify the basis on which she contends that subject matter jurisdiction exists.  (Doc. 2).

A review of plaintiff's complaint reflects that it is void of any reference to a basis on which plaintiff contends this Court has subject matter jurisdiction over her action. Plaintiff is aware that she must provide this in her complaint based on the Court's prior order in this action (Doc. 2) and her prior actions filed in this Court that were dismissed

---

(A)  the allegation of poverty is untrue; or
(B)  the action or appeal –
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

for lack of subject matter jurisdiction, namely, <u>Selensky v. Mobile Infirmary</u>, CA 06-0217-WS-M (S.D. Ala. June 12, 2006); <u>Selensky v. State of Alabama</u>, CA 08-0173-WS-C (S.D. Ala. July 3, 2008); and <u>Selensky v. Judge Whiddon, et al.</u>, CA 09-0592-CG-C (S.D. Ala. Nov. 13, 2009)[2] (on appeal).  In <u>Selensky v. Mobile Infirmary</u>, <u>supra</u>, plaintiff received the <u>Pro Se Litigant Manual</u>, which is still available in Clerk's Office, informing her of the necessity to establish the Court's subject matter jurisdiction in the complaint.

In plaintiff's two-page complaint (Doc. 3), she names as the sole defendant Judge Matthew Green, a part-time municipal court judge in Mobile, Alabama.  <u>See</u> www.cityofmobile.org.  Plaintiff alleges that on January 22, 2010, she was evicted from her apartment with her belongings being put on the street and her animals being taken away.  (Doc. 3 at 4).  Since her eviction she has spent nights in a post office and lived in a tent in a park.  (<u>Id.</u> at 3).  Defendant allegedly presided over plaintiff's eviction proceedings (Doc. 1) and is alleged to have ruled on her appeal from his judgment, cited her with contempt, treated her with disrespect, brought her back on charges on which she had already be found guilty, made up his own rules to get his way, taken her rights away, and threatened to put her in jail.  (<u>Id.</u> at 2).  Plaintiff wants a restraining order against defendant "to protect [her] from further problems with [defendant]."  (<u>Id.</u> at 3).

---

[2]The present action is related to matters found in <u>Selensky v. Judge Whiddon, et al.</u>, CA 09-0592-CG-C, where plaintiff complained about her subsidized apartment's conditions, the removal of her animals, and future eviction proceedings.

3

**II. Analysis.**

In screening plaintiff's complaint, it is apparent that the Court lacks subject matter jurisdiction over plaintiff's action.  The Court has arrived at this conclusion after giving her complaint a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596 (1972).

The Court's first consideration is to inquire into its jurisdiction, United States v. Denedo, ___ U.S. ___, ____, 129 S.Ct. 2213, 2219, 173 L.Ed.2d 1235 (2009), because a federal district court has limited jurisdiction to hear only certain types of actions authorized by the Constitution or Congress.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994).  This inquiry is made at "the earliest stage in the proceedings,"  University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 2000) (citations omitted), as the court cannot act upon an action that is "beyond its statutory grant of subject matter jurisdiction." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

A plaintiff is required in a federal civil action to set forth in the complaint the basis for the Court's subject matter jurisdiction.  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("[T]he pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction depends."); Kirkland Masonry, Inc. v. Comm'r, 614 F.2d 532, 533 (5th Cir.

1980) (same).[3]  Plaintiff has not done this.  In scouring the complaint to find language

that would support a jurisdictional basis, the Court could only find one reference that is

compatible with a jurisdictional basis, which is her allegation that she is disabled.  (Doc. 3

at 2).  The relevance of her disability is not explained, and the Court cannot discern its

relevance to this action.  Therefore, her disability cannot be construed as possibly

providing jurisdiction.

Regardless of plaintiff's shortcomings in pleading jurisdiction, her request for

injunctive relief against defendant is the reason that she has failed to establish this Court's

subject matter jurisdiction.  "Article III of the Constitution limits the jurisdiction of the

federal courts to the consideration of 'Cases' and 'Controversies.'"  Al Najjar v. Ashcroft,

273 F.3d 1330, 1335 (11th Cir. 2001) (citing U.S. CONST. ART., § 2).  A plaintiff must

have a "'personal stake in the outcome' such as to 'assure that concrete adverseness' . . . .

Abstract injury is not enough.  It must be alleged that the plaintiff 'has sustained or is

immediately in danger of sustaining some direct injury ' as the result of. . .official

conduct."  O'Shea v. Littleton, 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674

(1974).  "Past exposure to illegal conduct does not in itself show a present case or

controversy regarding injunctive relief, however, if unaccompanied by any continuing,

present adverse effects."  Id. at 495-96, 94 S.Ct. at 676.  "[P]ast wrongs are evidence

_____

[3]The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

bearing on whether there is a real and immediate threat of repeated injury." Id. at 496, 94 S.Ct. at 676.

For example, in O'Shea v. Littleton, supra, residents brought an action for an injunction against a county magistrate and judge for their discriminatory practice of bond setting, sentencing, and assessing jury fees in criminal cases.  None of the plaintiffs were serving an illegal sentence or were on trial or awaiting trial.  Although some plaintiffs may have been subject to unlawful practices in the past, id. at 495-96, 94 S.Ct. at 675-76, the Supreme Court found that the prospect of plaintiffs in the future being charged with a crime and appearing before either the magistrate or judge was speculation and conjecture. Id. at 497, 94 S.Ct. at 676.  The Court reasoned that plaintiffs "will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct said to be followed by [defendants]."  Id. at 497, 94 S.Ct. at  677.  Therefore, the Court determined that the "case-or controversy requirement [was not] satisfied by the general assertions or inferences that . . . [they] will be prosecuted for violating valid criminal laws."  Id.  Accordingly, the Court found that it lacked subject matter jurisdiction.

In another relevant case, City of Los Angeles v. Lyons, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), plaintiff was stopped for a traffic violation when an officer, without justification, applied a "chokehold" to him which resulted in unconsciousness and damage to his larynx.  Plaintiff sought damages, declaratory relief, and an injunction against the city to bar the use of "chokeholds" except where the immediate use of deadly

force may be used.  The Supreme Court concluded held that it lacked subject matter jurisdiction because no case or controversy was demonstrated to satisfy the injunctive relief sought.  Id. at102, 103 S.Ct. at 1665.  The Court was unable to find that the plaintiff would be stopped for a violation in the future and be subjected to a "chokehold," without provocation.  Id. at108, 103 S.Ct. at 1668.  Because no showing was made that the plaintiff was realistically threatened by the repetition of his prior experience, the Court ruled that the plaintiff had not satisfied the requirements for seeking injunctive relief in federal court.  Id. at 109, 103 S.Ct. at1669.  Furthermore, the Court found that "the speculative nature of [the plaintiff's] claim that he will again experience injury as the result of that practice even if continued" precluded that Court from having subject matter jurisdiction over the action.  Id.

Then, in Eubank v. Leslie, 210 Fed.Appx. 837 (11th Cir. 2006) (unpublished),[4] the plaintiff, who was indicted for driving under the influence, sued a judge, among others, after his indictment was dismissed, for her orders requiring alcohol treatment.  Plaintiff sought an injunction against the judge.  On appeal, the Eleventh Circuit Court of Appeals affirmed the district court's decision to dismiss the injunctive relief claim against the judge.  Id. at 845.  The Court found that the plaintiff had failed to allege any threat or real and immediate future harm, and they assumed, relying on Lyons, supra, that the plaintiff's future conduct would be law-abiding.  Id. at 843. The Court further reasoned that a real

_____

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

7

and immediate threat of future injury was absent as the judge had been removed from plaintiff's case, and thus plaintiff would not be reappearing before the judge.  Id. at 845.

In the present action, plaintiff does not allege any specific future harm from defendant.  Her only allegation about the future is that she seeks "a restraining order to protect [her] from the further problems with [defendant]."  (Doc. 3 at 4).  Since plaintiff has been evicted from her apartment, the Court cannot discern any future problems with defendant based on the eviction.  As the preceding cases have indicated, the Court is permitted to assume that plaintiff will conduct herself in accordance with the law so she will not have the opportunity to become involved with the municipal court system again.  However, if she does, there are many other judges in the municipal court system, as reflected on the website, so she may not appear before defendant again, and any future involvement in the court system will not concern the same apartment or the same set of facts.  For the Court to anticipate an unidentified future harm would be mere speculation and conjecture.  Accordingly, the Court finds that there is not a present case or controversy to support this Court's subject matter jurisdiction over plaintiff's injunctive relief request against defendant Judge Matthew Green.

Furthermore, assuming plaintiff had standing to seek an injunction, injunctive relief would not issue in this action because plaintiff has not met the criteria.  See Lyons, 461 U.S. at 111, 103 S.Ct. at 1167; O'Shea, 414 U.S. at 503, 94 S.Ct. at 679.  Before injunctive relief can issue, its traditional equitable criteria must be met by the moving party: "(1) [the movant] has a substantial likelihood of success on the merits; (2)

8

irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." United States v. Endotec, Inc., 563 F.3d 1187, 1194 (11th Cir. 2009) (quotation marks and citation omitted).  Here, plaintiff has not alleged and has not demonstrated that she will suffer an irreparable injury unless injunctive relief issues.  Having failed to meet one of the criteria for injunctive relief, plaintiff's request for an injunction would be denied. United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983) (ruling the movant bears the burden of persuasion on each of the four factors).

**III.  Conclusion.**

      Based upon the foregoing reason, it is recommended that plaintiff's action be dismissed without prejudice for lack of subject matter jurisdiction.[5]

      The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate

---

[5]The Court notes in passing the case of Brown v. Philadelphia Housing Auth., 350 F.3d 338 (3d Cir. 2003), where an appeal was dismissed as moot due to the plaintiffs' tenancies being terminated.  Id. at 341.  In finding that it lacked subject matter jurisdiction, the Third Circuit Court of Appeals reversed the district court and directed the district court to vacate the consent decree and dismiss the case.  Id. at 347-48.

Judge.

     **DONE** this 9th day of April, 2010.

        s/WILLIAM E. CASSADY

        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      **Objection**.  Any party who objects to this recommendation, or anything in it, must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable Where Proceedings Tape Recorded)**.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[6] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).